# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARIZONA HALL, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | )    No. 4:21-CV-162-HEA |
| UNITED STATES, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Arizona Hall, Jr. for leave to commence this civil action without prepayment of the required filing fee. Upon review of plaintiff's financial information, the Court will grant his motion. For the following reasons, the Court will dismiss plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Discussion

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 alleging that defendants the United States and three federal judges violated his constitutional rights to equal protection and due process of law when they conspired to deny plaintiff an order of writ of habeas corpus. Plaintiff's claims arise out of his underlying state law convictions. *See Missouri v. Hall*, No. 0922-CR01820-01 (City of St. Louis) (assault); *Missouri v. Hall*, No. 1022-CR04975-01 (firearms). Plaintiff's arguments are difficult to interpret, but he seems to allege the original indictment was void and the state court had no jurisdiction over him. He also alleges he was convicted because the judges were racially prejudiced against him.

Plaintiff has filed three prior § 1983 cases arising out of his state court criminal convictions: *Hall v. State of Missouri*, No. 4:16-CV-291-CDP (E.D. Mo. filed Mar. 2, 2016), and *Hall v. United States Government*, No. 4:18-CV-2038-ACL (E.D. Mo. filed Nov. 30, 2018); and *Hall v. City of St. Louis*, No. 4:19-CV-2529-SRC (E.D. Mo. filed September 10, 2019).[1] In all prior cases, the Court dismissed plaintiff's complaints because (1) defendants could not be held liable under § 1983 because of judicial or sovereign immunity; (2) plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and (3) plaintiff's complaint was malicious. *See Hall v.*

---

[1] Plaintiff has also filed two prior petitions pursuant to 28 U.S.C. § 2254, both of which were denied. *See Hall v. Koster*, No. 4:16-CV-1528-AGF (E.D. Mo. filed Sept. 26, 2016) (claims brought against assault conviction pursuant to 28 U.S.C. § 2254); *Hall v. Hawley*, 4:16-CV-1739-CDP (E.D. Mo. filed Nov. 4, 2016) (claims brought against firearms convictions pursuant to 28 U.S.C. § 2254).

*State of Missouri*, ECF No. 17, *Hall v. United States Government*, ECF No. 4; and *Hall v. City of St. Louis*, ECF No. 8.

Here, the Court will dismiss plaintiff's claims as legally frivolous for the same reasons they have been dismissed on initial review three times before. Additionally, § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims arise out his 2013 state court criminal convictions. Plaintiff did not file this action until February 8, 2021. As such, it is barred by the five-year statute of limitations for § 1983 suits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of April, 2021.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE